IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


MELODY ROGERS MINER                                    PLAINTIFF


v.                        Civil No. 05-2156


LOCAL 373, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS
and LOCAL 516, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS                                DEFENDANT


## MEMORANDUM OPINION & ORDER

Now on this 30th day of January, 2007, there comes on for
consideration Defendant Local 516, International Brotherhood of
Teamsters' ("Local 516") Motion for Summary Judgment and
supporting documents (Docs. 14-16, 18, 23, and 24) and
Plaintiff's Response and supporting documents (Doc. 27 ).  Also
before the court is Defendant Local 373, International
Brotherhood of Teamsters' ("Local 373") Motion for Summary
Judgment and supporting documents (Docs. 19-22) and Plaintiff's
response and supporting documents (Doc. 27), as well as Local
516's Reply (Doc. 32).

In determining whether summary judgment is appropriate, the
Court must view the facts and inferences in the light most
favorable to the non-moving party.  *See Rabushka v. Crane Co.*,
122 F.3d 559 (8th Cir. 1997).  The moving party bears the burden
of establishing the absence of issues of material fact in the
record and of establishing that it is entitled to judgment as a

matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986). To defeat a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue of material fact for trial. *Id*. at 324. Thus, the "basic inquiry" for purposes of summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372 (8th Cir. 1996)(citation omitted).

Plaintiff filed her Complaint on November 10, 2005. (Doc. 1). Plaintiff alleges breach of contract/collective bargaining agreement by Local 373 and a breach of the duty of fair representation by Local 516. Defendants separately seek summary judgment as to all counts of Plaintiff's Complaint.[1]

**Background**

Plaintiff began working for Local 373 in 1986 as an Executive Secretary. In 1991, Local 373 and Local 516 entered into an Office Clerical Addendum which covered Plaintiff's employment with Local 373. Local 516 was to represent Plaintiff

---

[1] Plaintiff asserts in her response to summary judgment that there are common law or state law claims for breach of contract which are not addressed in Defendants' Motions for Summary Judgment and as a result Defendants' Motions are for partial summary judgment. However, as stated below, the Court finds these state law claims preempted and thus the Motion for Summary Judgment is relevant to all claims.

2

in matters with her employer, Local 373.  The agreement was for clerical staff, and Plaintiff was the only clerical staff member of Local 373.  Plaintiff then paid a service fee and administrative fee to Local 516.  Defendants claim this fee was for representation, while Plaintiff claims it was voluntary on her part and representation was not predicated on its payment. The Clerical staff agreement provided for Plaintiff to be covered under the Teamsters' National Master Freight Agreement, with a modification of the pay scale.

In 1997, a "Titan" message was sent to Teamsters Locals directing them to issue withdrawal cards to all employees and staff who are members of, or represented by, another labor organization and are also dues paying members of a Teamster local union.  This Titan message referenced a message sent in 1995 which discussed the conflict of interest that could arise in such situations.  Plaintiff was aware of both directives and ceased paying the administrative fee approximately the same time it was issued.

When Plaintiff was hired as a secretary for Local 373, her father was the Business Manager/Secretary Treasurer.  After her father retired, Randall Sanderson took over as the Business Manager/Secretary Treasurer of Local 373.  Plaintiff continued in her position.  When Sanderson resigned, Plaintiff let it be known she was interested in the Business Manager/ Secretary

3

Treasurer position.    However, Stacy Fox was appointed.
Plaintiff made comments that she did not want to work with Fox
and the relationship between the two became strained to the
point Plaintiff characterized it as "horrible."  Plaintiff was
sent home on May 2, 2005 and terminated the following day.

Plaintiff claims that under the agreement made with Local
373 and Local 516, she was covered under the National Master
Freight Agreement.   Plaintiff further claims that under that
contract, she was entitled to a statement of reason for her
termination and a warning, but received neither.  Additionally,
under the National Master Freight Agreement, Plaintiff could not
be terminated without just cause.

Plaintiff filed a protest with the office of the Election
Supervisor alleging termination because she sought a union
office.  The Office of Election Supervisor denied Plaintiff's
protest and Plaintiff did not appeal.  She also filed a Charge
Against Labor Organization or its Agents with the National Labor
Relations Board alleging Local 516 had violated the National
Labor Relations Act for failing to process a grievance.  That
charge was later withdrawn.  Plaintiff filed a general grievance
seeking review of her termination by the Multi-State Grievance
Committee.   In the hearing before the Multi-State Grievance
Committee, Plaintiff was represented by Local 516.  The Multi-
State Grievance Committee sustained Local 373's objection that

4

there was no collective bargaining agreement and her grievance was not heard on the merits. Both Local 373 and Local 516 agree there is no collective bargaining agreement in effect covering Plaintiff.

Plaintiff then brought this case, alleging a violation of Section 301 of the Nation Labor Relations Act, 29 U.S.C. § 185. Plaintiff alleges a violation of a collective bargaining agreement and a breach of duty of fair representation. Defendants argue there was no collective bargaining agreement in effect when Plaintiff was terminated. Further, Defendants claim that even if such a bargaining agreement existed, the acts by Local 516 did not violate the duty of fair representation.

**Plaintiff's State Law Claims**

Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that "[s]uits for violations of contracts between an employer and a labor organization representing employees may be brought in any district court of the United States having jurisdiction of the parties . . .." The Supreme Court has held that this section preempts state law claims that allege a violation of a provision of a collective bargaining agreement. *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103-04 (1962). Such claims must be resolved through the grievance and arbitration procedures contained in the collective bargaining agreement or brought under § 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck,* 471 U.S.

5

202, 219-20 (1985).

State law claims that are "substantially dependent" upon an analysis of the terms or provisions of a collective bargaining agreement or are "inextricably intertwined" with consideration of the terms or provisions of a collective bargaining agreement are also preempted by § 301. *Id.* at 213. However, when a "state law claim is independent - in that its resolution 'does not require construing the collective-bargaining agreement' - it is not preempted." *St. John v. International Association of Machinists & Aerospace Workers, Local No. 1010,* 139 F.3d 1214, 1217 (8th Cir.1998) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407 (1988)).

Section 301 is premised on the principle that the relationships created by a collective bargaining agreement must be defined by application of "an evolving federal common law grounded in national labor policy." *Bowen v. United States Postal Service,* 459 U.S. 212, 224-25 (1983); *see also Lucas Flour,* 369 U.S. at 103 ("The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective [bargaining] agreements."). Further, § 301 preemption is necessary to "preserve[ ] the central role of arbitration in our system of industrial self-government." *Allis-Chalmers,* 471 U.S.

6

at 219.

In this case, the employment contract Plaintiff alleges was breached is the collective bargaining agreement and those claims are preempted. *See Oberkramer v. IBEW-NECA Service Center, Inc.*, 151 F.3d 752 (8th Cir. 1998).

**<u>Existence/Validity of Collective Bargaining Agreement</u>**

Although Local 373 and Local 516 entered into an agreement regarding Plaintiff, Defendants contend this agreement ceased when the 1997 Titan directive was issued.  As a result, the Defendants argue this Court has no subject matter jurisdiction under § 301 as no contract exists.  Plaintiff contends the 1997 Titan does not in and of itself terminate the contract.  She contends that she was treated as if the agreement was in place after the 1997 Titan, and never was given notice that the agreement was not in place.

Before the Multi-State Grievance Committee, Defendant 373 elicited a point of order that no Collective Bargaining Agreement existed between Local 516 and Local 373.  Defendant 373 argued the Titan sent in 1997 terminated any agreement that may have existed.  The Multi-State Grievance Committee determined "based upon the facts presented and the unsigned contractual agreement, the company, which is Local 373's point of order is upheld." and Defendants argue this determination is due deference.  While the Grievance Committee did not have a

7

copy of the signed agreement it saw an unsigned version, and heard argument setting forth the basic arguments the parties made to this Court.  It is clear that the committee did not, as Plaintiff appears to contend, base its decision solely on the lack of a signed contract.

The Court agrees the Grievance Committee is due some deference.  *See McKinney v. Emery Air Freight Corp.*, 954 F.2d 590 (9th Cir. 1992) (holding that determination of whether a contract was expired or terminated is the province of the grievance panel or arbiter).  Moreover, the Court finds there was no contract in place at the time of Plaintiff's termination. The undisputed facts demonstrate the Titan messages sent are clear that any such contracts are to be disclaimed.  Thus, there was no contract in place and this court lacks jurisdiction under Section 301.

In addition, Defendants argue that a bargaining unit of only one employee is not appropriate, so no valid bargaining unit ever existed.  Given the Court's decision regarding the termination of the contract, the Court does not reach this issue.

**Breach of Duty of Fair Representation**

Even if a valid contract were in place, the Court finds that as a matter of law there was no breach of a duty of fair representation.  If an employee does not agree with the results

8

reached through the procedures of the collective bargaining agreement, the employee, in order to bring an individual suit directly against the employer for breach of the agreement, must allege and prove the union breached its duty of fair representation. *See Bills v. United States Steel L.L.C.,* 267 F.3d 785, 787 (8th Cir.2001) (citing *Carter v. Ford Motor Co.,* 121 F.3d 1146, 1149 (8th Cir.1997)); *Trompeter v. Boise Cascade Corp.,* 877 F.2d 686, 688 (8th Cir.1989). This type of "hybrid" action requires the employee to show both the union breached its duty of fair representation and the employer breached the agreement in order to prevail against the employer. *Scott v. United Auto.,* 242 F.3d 837, 839 (8th Cir.2001) (citing *Vaca,* 386 U.S. at 186-87).  If the Plaintiff fails to establish a breach of duty of fair representation in the processing of a grievance through arbitration or joint state grievance committee, the Court can not review the decision.  *Warren v. Teamsters*, 544 F.2d 334 (8th Cir. 1976).

A union is granted broad latitude in dealing with its members and its performance is viewed in a highly deferential light. *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 78 (1991). A breach of the duty of fair representation occurs only when a union's conduct is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190 (1967); *see also Carter v. Ford Motor Co.*, 121 F.3d 1146 (8th Cir. 1997). A breach can

9

also occur when the conduct is so unreasonable as to be "irrational." *O'Neill,* 499 U.S. at 78. "Mere negligence, poor judgment, or ineptitude by a union is insufficient to establish a breach of the duty of fair representation." *Buford v. Runyon,* 160 F.3d 1199, 1202 (8th Cir. 1998).

Plaintiff does not allege any facts indicating that Local 373 or Local 516 was acting in an arbitrary or discriminatory manner to her or that its actions were unreasonable to the point of being "irrational." Plaintiff appears to be alleging the breach of fair representation occurred due to Local 516's bad faith – primarily because it failed to provide the grievance committee with a signed copy of the agreement between it and Local 373. However, the undisputed facts show that Local 516 did pursue representation once a copy of the contract was received. Additionally, it is undisputed that Local 516 sought a signed copy of the contract, but was unable to locate one. Plaintiff does not appear to dispute that Local 516 did attempt to find the contract, but contends it did not do enough or use all available avenues for finding the contract.

Plaintiff was represented at the Grievance Committee by Local 516, who Plaintiff stated took up her cause and tried to convince the grievance committee to hear her grievance. Plaintiff even stated she was thankful for her representation and thought that Local 516 did a good job representing her at

10

the committee hearing.

Union representatives are not lawyers and are not held to the same standards in presenting cases as attorneys. *Buford*, 160 F.3d at 1203. Plaintiff has not demonstrated that a breach of the duty of fair representation occurred and no material issue of fact exists that would preclude summary judgment. Accordingly, Defendant 373 and Defendant 516's Motions for Summary Judgment (Docs. 14 and 19) are GRANTED.

IT IS SO ORDERED this 30th day of January, 2007.


                                        */s/ Robert T. Dawson*
Dated:   January 30, 2007               Robert T. Dawson
                                        United States District Judge

11