## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**MELODY ROGERS MINER,**                                                          **PLAINTIFF**

  **vs.**                                                    **NO. 05-2156**

**LOCAL #373, INTERNATIONAL**
**BROTHERHOOD OF TEAMSTERS, and**
**LOCAL #516, INTERNATIONAL**
**BROTHERHOOD OF TEAMSTERS**                                        **DEFENDANTS**

<u>**JUDGMENT**</u>

Based upon the facts and evidence presented to the Court, the Court finds as follows:

1.  Melody Rogers Miner (Miner) was employed as an executive secretary by Local 373,
    International Brotherhood of Teamsters (Local 373) beginning July 14, 1986.  She
    worked for Local 373 continuously without any break in service until her discharge on
    May 2, 2005.

2.  Local 516, International Brotherhood of Teamsters (Local 516) and Local 373 entered
    into a collective bargaining agreement, the Office Clerical Addenda, covering Miner's
    employment on April 14, 1991, through May 2, 2005.

3.  The Office Clerical Addenda states that Local 373 will be signatory to the National
    Master Freight Office Clerical Agreement and the Southern Region Office Clerical
    Supplement (Master Agreement).

4.  On May 2, 2005, Miner was discharged by Local 373 without written notice.

5.  Article 46 of the Master Agreement states that the Employer shall not discharge,
    suspend or take other disciplinary action as respects any employee without just cause but
    with respect to discharge, suspension or other disciplinary action shall give at least one

warning notice of the complaint against the employee in writing by certified mail and/or in person and a copy of the same to the Union affected by certified mail except that no warning notice need be given to an employee before discharge if the cause of such discharge is dishonesty; using or being under the influence of alcoholic beverages, narcotics or drugs while on duty; failure to submit to a sobriety test; carrying or permitting the carrying of drugs or narcotics on the employee's person or equipment; possession of alcoholic beverages, drugs, or narcotics on company property or equipment; a serious preventable accident while on duty; the carrying of unauthorized passengers; the failure to report an accident; willful damage or destruction of company property or equipment; engaging in unprovoked physical violence while on company property or on duty; outrageous conduct; or failure to comply with the drug testing procedure set out in article 35, section C of the Master Agreement.

6.   At the time of her discharge, Miner had not written warning notices.  Because Miner had no written warning notices, her discharge was without just cause.

7.   On November 10, 2005, Miner filed suit in the United States District Court for the Western District of Arkansas, case number 05-2156, alleging that her discharge violated Article 46 of the Master Agreement and that Local 516 violated its duty of fair representation in the handling of her grievance.  As relief, Miner sought reinstatement as a clerical employee of Local 373, lost wages, as well as all lost benefits including health, welfare and pension benefits.

8.   Because Miner's discharge was without just cause, the appropriate remedy for the violation of Article 46 of the Master Agreement is reinstatement as a clerical employee

of Local 373 without loss of seniority, recovery of lost wages, and that she be made whole for any loss of benefits including health, welfare and pension benefits.

9. At the time of Miner's discharge, her intention was to retire from Local 373 on October 6, 2006.

10. As a remedy, Miner will be reinstated from May 2, 2005, until and including October 6, 2006. Miner will also be paid the full back pay owed her in the amount of $694.50, which represents her gross lost wages after her efforts to mitigate her losses are taken into consideration. Local 373 will also make all necessary contributions due on Miner to the Central States Southeast and Southwest Area Health and Welfare and Pension Funds. Miner also participated in the Southern Region Teamsters Pension Trust Fund and contributions were deducted from her wages to that Fund. Miner may pay any employee contributions due that Fund which Local 373 will send to the Fund.

11. Miner asserted all claims that she had against Teamsters Locals 373 and 516 when she filed this action, and the payments specified in paragraph 10 above are in full and complete satisfaction of all claims Miner either asserted or could have asserted against Locals 373 and 516 in this action.

12. Each party will be responsible for its own attorneys' fees and costs.

It is therefore HEREBY ORDERED AND ADJUDGED that Plaintiff Melody Miner is entitled to injunctive relief in the form of full and unrestricted reinstatement of Miner to her former position as executive secretary up to and including October 6, 2006, with full backpay and all benefits as if she were never discharged, including but not limited to all credited eligibility, and benefit and vesting service under all benefit plans in which Miner participated. Local 373 shall also make all necessary contributions due on Miner to the Central States

Southeast and Southwest Areas Health and Welfare and Pension Funds.  Miner may pay any employee contributions due to the Southern Region Teamsters Pension Trust Fund to Local 373, which shall send to that Fund.  Each party shall bear its own fees and costs.

The parties shall have thirty days from the date of entry of Judgment within which to appeal.

It is SO ORDERED this 28th day of October 2008.


/s/ Robert T. Dawson
Hon. Robert T. Dawson
United States District Judge